JOHN G. JACK'S WIDOW ET AL V. GEORGE W. BAYLESS:

Decretal Sales—Extorting Money by Threatening to Open Bidding—Fraudulent Representations.

At a decretal sale in the city of Louisville, where the land was sold to Geo. W. Bayless, for $9,175, whereupon one Arthur Peter threatened that unless he was paid $500, by Bayless he would reopen the sale and bid in the property, and the amount was paid him. This petition was filed by the heirs for whom the sale was made, to cancel same on the ground of a fraudulent combination between Bayless and Peter to keep others from bidding on the property. While the appelate court would rebuke the dishonorable practice of extorting money by threatening to open bidding, unless the parties to the sale were injured by his conduct, the sale should not be set aside merely to punish them.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 26, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Under a decree of the chancellor for selling John G. Jack's house and lot in the city of Louisville to enforce his vendor's lien for an unpaid portion of the consideration, the marshal of the court made the sale on the 15th of September for $9,175, to George W. Bayless, who was the highest of several competing bidders. The sale was reported to the chancellor October 31st and confirmed November 7th, 1862.

It indisputably appears that the sum bid was the full vendible value of the property at the time of the sale, and, from experiments made for some time before the sale, as well as on the day of the sale, it may be reasonably presumed that no other person would have given as much as Bayless offered.

On the day preceding the confirmation, Arthur Peter offered Bayless $500 for his bargain, and said that, if he would not accept that advance on his bid, he would offer to open the biddings—unless Bayless would pay him that sum to forbear. Bayless paid him $500, and he made no motion for a re-sale. And a conveyance was made to Bayless and approved November 14th, 1862.

On the 31st day of May, 1867, this suit in chancery was instituted by the widow and heirs of J. G. Jack for setting aside the sale and conveyance for fraud imputed to Bayless in his arrange-

ment with *Peter*. And, after a negative answer and full preparation, the chancellor dismissed the petition.

The practice of opening biddings of decretal sales was initiated in England, but the chancellors there and the most eminent counsellors in equity from Eldon to the present time have regretted and almost repudiated the practice as generally productive of more harm than good in preventing prudent men from bidding at such sales which may be so easily made fruitless by a subsequent offer of a higher price by some speculating intruder. And in this country the practice has been generally ignored, except in cases of fraud or great sacrifice, and decretal sales have here almost universally been permitted to rest on as stable ground as sales under execution.

But it seems that the chancellor of *Louisville* had adopted a rule for opening biddings on an offer of not less than 10 per cent. on the price offered by the accepted bidder.

And the distinguished counsel for the appellants argued that, even though this court might have reversed an opening in this case merely on the ground that a higher price might thereby be obtained, yet, for the combination between *Peter* and the appellee, characterized by him as fraudulent, the decree ought to be reversed.

While this court would rebuke the dishonorable practice, perhaps too prevalent in Louisville, of extorting money by threatening to open biddings, when there is no intention to open, still unless Jack was injured by the conduct of appellee and *Peter,* the sale should not be set aside merely to punish them. And we can neither see nor presume that Peter would have offered to open the biddings, or could have done so, had not Bayless given him the $500. Peter's purpose only to perpetrate a fraud on Bayless by false pretenses is almost transparent. And this is clearly indicated by his answer in this case and other declarations.

There is no proof that he ever promised Jack to open the biddings, or that Jack had any expectation that he would do so. And had he made such an offer it is almost certain that he would have failed. As he preferred to take $500 we must presume that he would not have made a bid of more, and the chancellor would not have disturbed the sale for only about half of his 10 per cent. And had the property been worth 10 per cent more than Bayless' bid, we could not doubt that *Jack* could have procured some person to offer that advance for opening the biddings.

Then waiving the pregnant facts that Jack never sued in his lifetime, and that the appellants slumbered for five years after the confirmation of the sale until the property, by valuable improvements and the rapid rise of value, which more than duplicated the price given by the appellee, it does seem to us that justice neither suggests nor would permit a decree cancelling the conveyance to the appellee.

Wherefore, we approve the chancellor's decree dismissing the petition, and must affirm it as right and equitable as between the parties.

Judge Williams not concurring.

*Worthington, Bullitt, for appellants.*

*Woolley, for appellee.*